**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANTONIO EDUARDO OLIVA BERDUCIDO; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70467 <br><br> Agency Nos.  A072-670-721 <br>                 A072-670-722 <br>                 A075-309-444 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Jose Antonio Eduardo Oliva Berducido and his family, natives and citizens

of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the harms Oliva Berducido suffered did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so."). We reject Oliva Berducido's contention that the agency failed to consider evidence in assessing past persecution because he has not overcome the presumption that the agency reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). We also reject Oliva Berducido's contention that the agency improperly discounted the harms suffered by his family members. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (harm to family must be closely tied to petitioner himself). Contrary to Oliva Berducido's contention, in the absence of past persecution, his humanitarian asylum claim

necessarily fails. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080-81 (9th Cir. 2004); *see also* 8 C.F.R. § 208.13(b)(1)(iii). Substantial evidence also supports the finding that Oliva Berducido has not established an objectively well-founded fear of persecution in Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We reject Oliva Berducido's contentions that the IJ failed to adequately develop the record related to his asylum claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim). Thus, his asylum claim fails.

Because Oliva Berducido failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of Oliva Berducido's CAT claim because he did not establish it is more likely than not that he will be tortured at the instigation of, or with the consent or acquiescence of, the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We reject Oliva Berducido's arguments that the agency erred by failing to adjudicate his claim for relief under the Nicaraguan Adjustment and Central

American Relief Act ("NACARA"), and by failing to remand to develop the record related to NACARA relief, because Oliva Berducido conceded through counsel that he was not eligible for NACARA relief. *See Lata v. INS*, 204 F.3d at 1246.

We lack jurisdiction over any ineffective assistance of counsel claim because Oliva Berducido did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, we reject Oliva Berducido's contention that the agency's grant of voluntary departure should remain in effect. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 528 (9th Cir. 2012) (petition for review terminates grant of voluntary departure).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**